Phelps v. Bulkeley.

HORACE PHELPS v. ROGER G. BULKELEY.

Under the statute of this state,—Rev. St. c. 34, § 1,—pleas in offset are only allowed between the actual parties to the suit.

In an action upon a promissory note, payable to one or bearer, and which is sued in the name of a bearer, the defendant cannot plead in offset a note, which he holds as bearer, executed by the payee of the note in suit, although it appear that the plaintiff holds the note in suit in trust for the payee, and that the defendant, before any transfer of the note in suit, gave notice to the payee that he was the owner of the note which he now attempted to plead in offset.

And if, in such case, the note in suit is less than $20,00, the defendant is not entitled to an appeal from the judgment of the justice of the peace, before whom the suit is brought, rejecting the note offered in offset, although the latter note may have been for a larger sum than $20,00.

AUDITA QUERELA to set aside an execution issued by a justice of. the peace, upon the ground that an appeal was improperly refused in the case.

The complainant alleged in his writ, that the defendant commenced an action against him upon a promissory note, for $15,00, executed by the complainant, dated Jan. 26, 1846, and made payable to one Ira Carpenter, or bearer, on demand with interest; that at the return day of the writ the complainant appeared and offered in offset a note for $51,17, executed by Ira Carpenter, dated January 1, 1845, and made payable to Orange Smith, or bearer, on demand with interest; that he offered to prove, in support of his offset, that he became the owner of the note pleaded in offset immediately after he executed the note in suit, and that he gave notice thereof to Carpenter, and that Carpenter then held the note in suit, and that it was never in good faith transferred to Bulkeley, but that Carpenter was really the owner of it; that the justice of the peace, before whom the writ was made returnable, rejected the note thus offered in offset, and rendered judgment against the complainant for the amount of the note in suit and cost; that the complainant then prayed to be allowed an appeal,—which was refused him; and that an execution had been issued upon the judgment and levied upon his property. The defendant demurred generally.

3

Phelps *v.* Bulkeley.

The county court, November Term, 1846,—Redfield, J., presiding,—adjudged the complaint sufficient. Exceptions by defendant.

*P. Dillingham* for defendant.

1. *Audita querela* will not lie, where the wrong complained of is the proper subject of a writ of error ; *Little* v. *Cook,* 1 Aik. 363 ; *Weeks* v. *Lawrence,* 1 Vt. 433 ; *Sutton et al* v. *Tyrrell,* 10 Vt. 87 ; and it makes no difference, that the right to bring a writ of error has been taken away ; *Spear* v. *Flint,* 17 Vt. 497.

2. The complainant's right of appeal was taken away by the Rev. Stat. chap. 26, sec. 51.

3. The real question raised in this case is, was the matter pleaded in offset by Phelps a *bona fide* demand against Bulkeley, the plaintiff in that suit, within the Revised Statutes, chap. 34, §1 ? This question seems finally and fully settled by the recent case of *Adams* v. *Bliss,* 16 Vt. 39 ;—and see, also, *Snow* v. *Conant,* 8 Vt. 301.

*L. B. Peck* for plaintiff.

1. The case of *Tyler* v. *Lathrop,* 5 Vt. 170, fully sustains the judgment of the county court. It was there held, that this writ is the appropriate remedy for the party aggrieved by the refusal of a magistrate to allow an appeal, where it ought to be allowed.

2. The offset interposed by the complainant, being a note for more than $20,00, entitled either party to an appeal. There is nothing in the case tending to show, that the note was not due from Carpenter to the complainant, or that the offset was not made in good faith. These facts are substantially averred in the writ and are admitted by the demurrer. The case, in effect, is the same, as though it appeared on the face of the writ in the original action, that the county court had appellate jurisdiction.

3. Whether the set off could be legally made was a question, which the complainant had a right to litigate in the county court; and the magistrate had no power to prevent it, by denying the appeal.

Phelps *v.* Bulkeley.

The opinion of the court was delivered by

HALL, J. It was held in *Tyler* v. *Lathrop,* 5 Vt. 170, that *audita querela* might be sustained, where a justice improperly denied an appeal; and the question in this case is, whether the action describ-ed in the writ was appealable. The action, being founded on a note for the sum of $15,00, was not of itself appealable; but it would become so, if the defendant pleaded in offset any *bona fide* demand, exceeding the sum of $10,00. Rev. Stat. chap. 26, sec 51. Does it appear from the writ of *audita querela,* which is demurred to, that such a demand was pleaded in offset? I think not.

A plea in offset by a defendant must be founded on an alleged in-debtedness of the plaintiff to the defendant, and must be such an indebtedness, as would entitle the defendant to maintain a distinct action for it against the plaintiff. Pleas in offset are allowed, to prevent the necessity of cross actions between the same parties. Any defence to a suit, which merely goes to show, that the plaintiff's demand is unjust, inequitable, has been paid, or that, for any other reason, the plaintiff ought not to recover upon it, is matter connect-ed with the original claim, and not a plea in offset. A plea in offset is founded on the supposition, that the plaintiff has a good cause of action against the defendant, but that, the defendant having also an-other good cause of action against the plaintiff, it is but just that both should be settled in the same suit, the one set off against the other, and the balance, only, allowed to be recovered.

I cannot determine, from the facts set forth in the *audita querela,* that Phelps, the defendant before the justice, pretended to have any cause of action against Bulkeley, the plaintiff in that suit. Bulkeley had sued him on a note payable to one Carpenter, or bearer. Phelps presented a fifty dollar note against Carpenter, which he had pur-chased, and offered to prove certain facts, which he claimed would, as matter of law, be sufficient to prevent the plaintiff from recovering upon the note in suit. I can make nothing more than this of the preceedings before the justice. Phelps did not pretend to have any demand against Bulkeley, but merely claimed, that his demand against Carpenter should prevent Bulkeley from recovering in his suit. Phelps' claim was clearly mere matter of defence to the orig-

Phelps *v*. Bulkeley.

inal cause of action, and not a distinct claim against the plaintiff, which could be pleaded in offset.

Under a former statute of this state, not now in force, the maker of a note, in an action brought by the bearer, was allowed to plead in offset a demand against the payee; but such plea cannot now be made. *Adams* v. *Bliss,* 16 Vt. 39. Pleas in offset are only allowed between the actual parties to the suit. Rev. Stat. chap. 34, §1.

The defendant before the justice not having pleaded a *bona fide* demand in offset, the suit was not appealable, and the judgment of the county court must therefore be reversed, and judgment rendered for the defendant.