JOHN B. BARTERO, Appellant, *v.* REAL ESTATE SAVINGS BANK, Respondent.

**March 8, 1881.**

1. "Proceedings *in rem*" defined.
2. One who was not served and who did not appear is not concluded by a judgment in an action by a widow for the recovery of dower.
3. In a suit for dower, where the defendant had, prior to the institution of the suit, sold the land, his grantee, who was not made a party, is not in such privity with the defendant in that suit as that the judgment therein will affect him.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

T. A. & H. M. POST, with whom is J. D. JOHNSON, for the appellant: The action for dower was strictly a proceeding *in rem*, the sole inquiry being as to the widow's rights in the *res*. It was in many respects parallel to a proceeding to enforce a mechanic's lien ; and in numerous instances it has been held that a mortgagee was, by reason of privity of estate, prevented from attacking a judgment on a mechanic's lien and a sale had thereunder, although the lien suit was brought after the date of the mortgage, and the mortgagee was not made a party. —*The State* v. *Eads*, 15 Iowa, 114 ; *Vitt* v. *Dixon*, 12 Mo. 480 ; *Howard* v. *Robinson*, 3 Cush. 11. Being a proceeding *in rem*, it was binding

on the whole world. — Freem. on Judg., sects. 606, 607, 611. It must be remembered that in the case at bar plaintiff's right of dower existed before the mortgage was given to respondent. — *The State* v. *Railroad Co.*, 10 Nev. 80 ; *Otis* v. *Rio Grande*, 1 Woods, 279 ; Herman on Estop., sect. 105. Even under Beach's evidence, there was a part of the purchase-money which was still unpaid, and Mrs. Keith still retained a vendor's lien on the land, to secure it ; and especially would this be true if the deed had not been delivered. — *Jones* v. *Patterson*, 12 Pa. St. 149 ; *Kennedy* v. *McAbiley*, 9 Rich. L. 395.

John N. Straat, for the respondent : The judgment in the proceeding for an admeasurement of dower was not a proceeding *in rem*. — 1 Greenl. on Ev., sects. 525, 550. The court did not acquire jurisdiction as to the *res* in the manner provided by statute. — Freem. on Judg., sects. 607–615 ; *Corby* v. *Wright*, 4 Mo. App. 443.

Lewis, P. J., delivered the opinion of the court.

This is an action of ejectment. The plaintiff claims title from a purchase at sheriff's sale, under a judgment in favor of Stephen Gunn and Hannah, his wife, against William S. Woods, trustee, Susan W. Keith, and David Keith, wherein Mrs. Gunn's right of dower in the premises sued for was established, by virtue of a previous marriage. The testimony tended to show that prior to the institution of the dower suit the defendants in that proceeding had owned the property, and had conveyed it to a trustee to secure a debt in favor of the present defendant's grantor or predecessor, and had also sold and conveyed their equity of redemption to a trustee for the use and benefit of Elizabeth E. Beach, wife of Richard M. Beach ; so that, when the dower suit was commenced, the defendants therein had already parted with all their interest and title in the premises, together with the possession. The present defendent has acquired title under the deed of trust executed

by Woods and the Keiths.   The Circuit Court gave judgment for the defendant.

It is contended for the plaintiff that Mrs. Gunn's suit for her dower was "strictly a proceeding *in rem*," and the judgment was therefore binding on all the world.   That, hence, the defendant is bound by it, although not a party, nor in privity with any named party, to the proceeding.

Various definitions have been given of a judgment *in rem*, but all are criticised as either incomplete, or comprehending too much.   It is generally said to be a judgment declaratory of the *status* of some subject-matter, whether this be a person or a thing.   Thus, the probate of a will fixes the *status* of the document as a will.   The personal rights and interests which follow are mere incidental results of the *status* or character of the paper, and do not appear on the face of the judgment.   So, a decree establishing or dissolving a marriage is a judgment *in rem*, because it fixes the *status* of the person.   A judgment of forfeiture, by the proper tribunal, against specific articles or goods, for a violation of the revenue laws, is a judgment *in rem*.   But it is objected that the customary definition does not fit such a case, because there is no fixing of the *status* of anything, the whole effect being a seizure, whatever the thing may be.   In the foregoing instances, and many others, the judgment is conclusive against all the world, without reference to actual presence or participation in the proceedings.   If the expression, "strictly *in rem*," may be applied to any class of cases, it should be confined to such as these.   A very able writer says: "The distinguishing characteristic of judgments *in rem* is that, wherever their obligation is recognized and enforced as against any person, it is equally recognized and enforced as against *all persons*.   It seems to us that the true definition of a judgment *in rem* is, ' an adjudication ' against some person or thing, or ' upon the *status* of some subject-matter,' which, wherever and whenever binding upon *any* person, is equally binding upon *all*

persons." Freem. on Judg., sect. 606. This, however, would seem to be less a definition than a statement of legal results. In *Mankin* v. *Chandler*, 2 Brocken. 125, Chief Justice Marshall said : "I have always understood that where the process is to be served on the thing itself, and where the mere possession of the thing itself, by the service of the process and making proclamation, authorizes the court to decide upon it without notice to any individual .whatever, it is a proceeding *in rem*, to which all the world are parties. * * * The claimant is a party whether he speaks or is silent ; whether he asserts his claim or abandons it."

We have thus brought into view the nature and necessary characteristics of those cases which strictly belong to the class *in rem*. In them no individual is designated, by name or otherwise, who must be notified in order that the court may acquire jurisdiction. The thing itself, and a general proclamation, or notice, to all persons whomsoever, being sufficient to confer jurisdiction, the judgment, when rendered, will be as broad as the jurisdiction, and will comprehend all persons whomsoever, as well as the thing upon which it operates.

But usage has distinguished as proceedings *in rem*, a class of cases in which, while the seizure of the thing will be in aid of the jurisdiction, yet it is essential that some form of notice, actual or constructive, be given to a particular person or persons. Thus, in attachment suits, the levy alone will not authorize a judgment, nor will a general notice to all concerned help out the jurisdiction. There must be a specific notice to the debtor or owner, either by summons or publication. The proceeding thus assumes a phase of actions *in personam*, and the judgment which determines a controversy between opposing parties, will not be binding upon any one who was not before the court either by notice or appearance. So, it is said all actions brought for the recovery of title to land are in the nature of proceedings

*in rem*, whether commenced by service *in personam* or by publication, yet the judgment is limited to the estate and to those who have been made parties, either by service of process or by appearance.   Herman on Estop., sect. 136.

So far as a widow's suit for her dower is in the nature of a proceeding *in rem*, it falls unquestionably within the latter class of cases.   Our statute provides that the widow may file her petition " against any person claiming an interest in such lands, or being in possession thereof, or who shall deforce her of her dower therein; and the clerk shall thereupon issue a summons, indorsed or annexed to such petition, which shall be served as process in other civil actions ; and if the defendant appear and plead, the cause shall proceed according to the course of proceedings at law.   If any defendant shall not be summoned, or shall not appear, the court shall award an order of publication," etc.   Wag. Stats. 542, sect. 24.

Here is a clear designation of specified persons against whom, in the alternative, the suit must proceed.   The notice, whether by summons or publication, is directed to such persons, and no other.   By a subsequent provision, " any person claiming title to the land whereof dower is claimed, may be made a defendant, if he appear and apply for the purpose, and proceedings shall be had thereon, in all respects as if he were originally a party duly summoned." *Id.*, sect. 26.   All these provisions contemplate a controversy *inter partes*, between the claimant and such parties only as may be brought under the court's jurisdiction, either as claiming an interest in the lands, as being in possession thereof, or as deforcing the claimant of her dower therein.   No provision is made for a general notice to all the world, and no person can be concluded by the judgment who was not reached, actually or constructively, by one of the forms of notice required by the statute.

It is further claimed for the plaintiff that the defendant, or its predecessor, was in privity of estate with the defendants

in the dower suit, by virtue of the deed of trust from which the defendant derives title. But that deed was executed and recorded long before the institution of the suit, and no rule of privity known to us would affect the grantees therein by a judgment thus obtained.

Another point made is that, when the dower suit was commenced, Mrs. Keith had a certain interest in the land in the shape of a vendor's lien. But it is not perceived how this, if true, could help the plaintiff, or his rights under the judgment, to any greater extent than the operative effect of such vendor's lien. If this was never enforced, he got nothing by it, even if it were possible for him to realize from it in any case.

The judgment is affirmed. All the judges concur.