[No. 8348. In Bank.—November 25, 1885.]

## J. M. WOOD, APPELLANT, *v.* J. J. BRADY ET AL., RESPONDENTS.

STREET ASSESSMENT—FORECLOSURE OF SUBSEQUENT LIEN—PRIOR LIEN NOT EXTINGUISHED.—The foreclosure of a junior street assessment lien does not extinguish prior liens of the same kind, if the holders of such prior liens are not made parties to the foreclosure suit.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to obtain an injunction restraining the defendants from proceeding with a judicial sale under a judgment decreeing the foreclosure of a street assessment lien which accrued on the 14th of November, 1870. The further facts are stated in the opinion of the court.

*J. M. Wood*, and *J. C. Bates*, for Appellant.

A subsequent lien for a street assessment is superior to prior lines of the same kind, and the foreclosure thereof extinguishes the latter. (*Anderson* v. *Rider*, 46 Cal. 138; *Biscoe* v. *Caulter*, 18 Ark. 439; *Jarvis* v. *Peck*, 19 Wis. 75; *Eaton* v. *North*, 29 Wis. 77; *Irwin* v. *Irego*, 22 Pa. St. 374.)

*Parker, Shafter, & Waterman*, for Respondents.

As to the distinction between taxes and assessments, cited *Emery* v. *San Francisco Gas Co.*, 28 Cal. 356.

MYRICK, J.—This case was decided by this court in Department One, January 20, 1885. Hearing in Bank having been granted and had, we are satisfied with the reason given in Department; the judgment is therefore affirmed.

Ross, J., McKEE, J., MORRISON, C. J., McKINSTRY, J., and THORNTON, J., concurred.

The following is the opinion in Department One, above referred to:—

Ross, J.—*Diggins* v. *Page* was an action to enforce a street assessment lien that accrued July 10, 1875, against a lot of land in the city and county of San Francisco. By virtue of a sale made under the judgment rendered in that action, the title of the owner of the lot vested in the plaintiff in the present action. But prior to the accruing of the assessment lien involved in the action of *Diggins* v. *Page*, the defendant in the present action acquired a street assessment lien upon the lot, which when *Diggins* v. *Page* was commenced, he was proceeding to enforce by action entitled *Brady* v. *Page*. And having finally got a judgment declaring his lien and directing a sale of the property to satisfy it, he (Brady) is sought by the present action to be enjoined from enforcing it, upon the ground, as we understand counsel, that the foreclosure of the lien involved in *Diggins* v. *Page* extinguished all prior liens. It is not pretended that Brady was a party to the suit of *Diggins* v. *Page*, but it is sought to sustain the position by likening the foreclosure of a street assessment lien to a sale of property for the non-payment of taxes, and a conveyance thereunder.

" While the power of assessment comes from the general power of taxation, it must not be confounded with it," said this court in *Taylor* v. *Palmer*, 31 Cal. 251. " In their origin and legal or constitutional complexion they are the same; but in the mode of their exercise, and

in the effect of such exercise upon the property of the tax-payer, they are essentially different." Taxes are a public imposition, levied by authority of the government, upon the property of the citizen generally, for the purpose of carrying on the government, while the more restricted term "assessment" is usually, as it was in the present case, induced by the request, made known according to the provisions of the charter of the municipal government, of a majority of the inhabitants of the assessment district, and is levied for the benefit of the property situated within the particular district; the assessment being an equivalent from the owner for the improvement made to the value of the property. Such assessments are not collected like public taxes, but generally, as in the case here, a particular mode of recovering the charge is pointed out by the statute. The statute in the present instance does not purport to attach to the proceedings for collection the effect claimed by appellant, and there are no considerations of public policy that require that it should be given.

Judgment affirmed.