[Civ. No. 3414. First Appellate District, Division One.—June 4, 1920.]

BARBER ASPHALT PAVING COMPANY. (a Corporation), Appellant, v. EDITH R. ARMSTRONG et al., Defendants; CHESTER A. BELL, Respondent.

[1] STREET LAW—PRIORITY OF LIENS—SUPERIORITY OF TITLES.—As between two parties each claiming to be the owner of certain real property and each resting his title in a street improvement proceeding, the one claiming title under the last lien in point of time must prevail.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur M. Ellis and Chas. A. Gray for Appellant.

Richard J. O. Culver for Respondent.

WASTE, P. J.—Plaintiff brought this action against a number of defendants, seeking to quiet its title to certain real property situate in the city of Manhattan Beach. The defendant, Chester A. Bell, filed a cross-complaint seeking a like decree, and judgment was entered in his favor. The plaintiff appeals. The question presented for determination is one arising between plaintiff and cross-defendant, Barber Asphalt Paving Company, and the defendant and cross-complainant, Chester A. Bell. There is no dispute between them as to the facts, the controversy being purely one of law. Each claims title to the property in question by a deed from the treasurer of Manhattan Beach, issued pursuant to a sale after delinquency on a street improvement bond.

The board of trustees of the city of Manhattan Beach initiated certain proceedings for the grading and paving of Highland Avenue, under the Vrooman Act. Jurisdiction was duly acquired and the work was ordered. The contract for the work was entered into between the superintendent

of streets of Manhattan Beach and the plaintiff, February 5, 1914. The assessment for the work was recorded October 6, 1914. On December 8th, following, a bond was duly issued against the lot, under the Bond Act of February 27, 1893, [Stats. 1893, p. 33]. No payments of either principal or interest being made on the bond, the lot was sold by the city treasurer on the demand of plaintiff on the twenty-fourth day of March, 1916. The certificate of sale was issued, and in due time deeds followed, vesting the title to the lot in plaintiff.

The proceedings, under which the defendant Bell claims, provided for the construction of a sidewalk on Highland Avenue, and were also had under the Vrooman Act. They were subsequent in each respective step to those for the paving of Highland Avenue, which resulted in the bond sale, by which plaintiff claims. The assessment for the work was recorded December 8, 1914, and the bond was issued January 8, 1915. The city treasurer sold the lot after delinquency in payment, on defendant Bell's demand, April 22, 1916, certificate of sale was issued, and the deed followed in due time.

[1] The sole question for consideration is one of priority between two claimants, each resting his title in a street improvement proceeding. When the appeal in this case was instituted the question was a novel one. Since then, however, the precise point has been passed upon, and decided by the supreme court, in *Woodill & Hulse Electric Co.* v. *Young,* 180 Cal. 667, [5 A. L. R. 1296, 182 Pac. 422], in which a rehearing was subsequently denied by the entire court. The question may therefore be deemed settled.

After a thorough examination of the matter the supreme court, in that case, held that there is no such essential, or inherent, difference in those special taxes arising under street improvement proceedings as to deprive their lien of the benefit of a rule accorded to the lien of general taxes. In both instances the taxing power operates *in rem,* on the property itself, without regard to different or conflicting interests of ownership, and the universal, and general, rule is that in proceedings to enforce the payment of taxes, the last tax levied, and sought to be enforced, is superior and paramount to the lien of all other taxes, claims, or title.

Applying this rule, the court held that the last lien in point of time, under street improvement proceedings, must prevail. The judgment is affirmed.

Richards, J., and Welch, J., *pro tem.*, concurred.