### DODGE et al. v. CLARK et al.

(Circuit Court of Appeals, Fifth Circuit. November 19, 1920.)

No. 3592.

1. **Lis pendens ⊗⇒24(1)—Purchaser bound by suit against vendor.**
    Where a lis pendens has been filed, a person subsequently purchasing from the defendant becomes bound by the decree when rendered.

2. **Lis pendens ⊗⇒25(5)—Purchaser under executory contract unaffected by subsequent filing.**
    One purchasing by an executory contract before filing of suit against the vendor is a prior purchaser and not affected by a subsequent lis pendens, although he has not then completed payments on the contract.

3. **Adverse possession ⊗⇒72—Bond for title is color of title.**
    Under Civ. Code Ga. 1910, § 4169, declaring that adverse possession for seven years under written evidence of title gives prescriptive title, a bond for title is color of title, and possession thereunder, with part payment of purchase money, is adverse against all except the maker of the bond.

4. **Adverse possession ⊗⇒114(1)—Evidence showing holding hostile and exclusive.**
    Evidence that adverse claimants took possession, paid part of purchase money, and occupied and cultivated the land, either directly or through tenants, etc., *held* to sustain a finding of hostile possession, ripening into prescriptive title.

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Suit by Laura E. Clark and Anna E. Holliday against D. Stewart Dodge and others, as executors of Norman W. Dodge, deceased, and others. Decree for complainants, and defendants appeal. Affirmed.

John R. L. Smith, of Macon, Ga. (Grady C. Harris and Harris, Harris & Whitman, all of Macon, Ga., on the brief), for appellants.

Charles Akerman, of Macon, Ga. (R. Earl Camp, of Dublin, Ga., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. On June 1, 1918, the appellees, Laura E. Clark and Anna E. Holliday, filed a bill in equity in the United States District Court for the Southern District of Georgia, Western Division,

---

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

against D. Stewart Dodge, Cleveland H. Dodge, and M. Hartley Dodge, as executors of Norman W. Dodge, deceased, Walter M. Clements, J. H. Roberts, Paul Roberts, William McRae, and Joseph S. Davis, United States marshal for the Southern district of Georgia, to enjoin the enforcement of a writ of assistance issued against Jasper McCray, W. C. Clark, and H. M. Clark, directing said United States marshal to put said Clements, said J. H. & Paul Roberts, and William McRae in possession of land lot No. 262 in the Twelfth district of Laurens county, and to enjoin interference with the possession of complainants under said writ.

Complainant Laura E. Clark claimed to be the owner of the south half, and complainant Anna E. Holliday of the north half, of said lot No. 262 under deeds executed by W. C. Clark to them, respectively, on the 18th and 19th days of July, 1911, recorded, respectively, on August 4 and September 30, 1911, and averred that each had been in actual adverse possession, had erected valuable improvements, and cultivated said land; that said W. C. Clark had purchased said land in the year 1892 from Jasper McCray as a part of a tract consisting of four contiguous land lots, and had gone into actual possession of said tract, and on January 2, 1893, Jasper McCray had executed and delivered to said W. C. Clark a bond for title, conditioned to convey said four land lots in consideration of $300 cash, and three promissory notes, each for $433.33⅓, due, respectively, February 1, 1894, 1895, and 1896. On December 13, 1897, said Jasper McCray executed a warranty deed to said Clark conveying to him said four land lots.

On June 25, 1894, Norman W. Dodge filed a bill in equity in the United States Circuit Court for the Southern District of Georgia, Western Division, asserting title to a large number of land lots, including said land lot 262, against L. L. Williams and numerous other defendants, among whom was Jasper McCray, who was served with subpœna on July 13, 1894. Said bill was stated to be a bill of peace and to quiet title and for injunction and relief. W. C. Clark was not made a party to said cause, nor served with any process therein, and testified that he had no notice of its pendency until after the decree rendered therein. A decree finding that Norman W. Dodge had title to numerous land lots, including said land lot 262, was rendered on December 2, 1902.

In February, 1905, on petition of Norman W. Dodge, filed against Jasper McCray, W. C. Clark, and H. M. Clark, in said case of Dodge v. Williams et al., stating that McCray or said Clarks were in possession of said land lot No. 262, and that they refused to surrender the same to him, a writ of assistance was issued, and W. C. Clark was notified by the United States marshal for the Southern district of Georgia that in April, 1905, he would be ejected thereunder.

On April 19, 1905, W. C. Clark filed his bill in said United States Circuit Court against said Dodge and said United States marshal, reciting the issuance of said writ of assistance, and that he would be ejected thereunder, unless the court should restrain its execution. He asserted title to said lot under his possession, under said bond for title, executed to him by said McCray, since the winter of 1892; that he had been in

quiet, peaceable possession for more than seven years, had built a home and made valuable improvements thereon; that he was not a party to, and never appeared in, said case of Dodge v. Williams et al., and was in no wise bound by the decree therein. He prayed a perpetual injunction against the execution of said writ of assistance, and that the decree of December 2d, in so far as it affected his rights in and to said land lot No. 262, be set aside.

Service was acknowledged by said defendants, and general and special demurrers filed thereto. No further steps appear to have been taken to execute said writ of assistance. On November 11, 1910, said case of Clark v. Dodge and the marshal was dismissed, because no parties had been made therein.

On May 18, 1918, a petition was filed by D. Stewart Dodge, Cleveland H. Dodge, and M. Hartley Dodge, as executors of Norman W. Dodge, alleging his death, and asking to revive said suit of Dodge v. Williams et al., by substituting petitioners as complainants in place of Norman W. Dodge, deceased, and an order to this effect was entered on the same day.

On said May 18, 1918, said executors filed a petition reciting the issuance of said writ of assistance against Jasper McCray, W. C. Clark, and H. M. Clark on February 16, 1905; that said writ had been lost, mislaid, or destroyed; that the marshal's records, while showing its delivery to him, did not show that it had been executed, or any return thereon or disposition thereof; that the executor had sold and conveyed said land, and it was now the property of J. H. Roberts, Paul Roberts, William McRae, and W. M. Clements. They prayed the issuance of an alias writ requiring the United States marshal of said district to put said purchasers in possession as the successors to the right of possession of said Norman W. Dodge and of petitioners as substituted complainants. An order directing such alias writ of assistance to issue was made instanter on said May 18, 1918, and on said day such writ was issued, to enjoin the enforcement of which this bill has been filed.

A final decree on the pleadings and evidence was rendered in this cause by said United States District Court on April 21, 1920, in which the court found that the equity of the cause is with the complainants as against the defendants, and that the complainants have prescriptive title to the premises described in the bill as against the defendants.

The ground urged for a reversal is the claim of the appellants (defendants) that W. C. Clark and those claiming under him were bound by the decree of December 2, 1902, rendered in the suit filed on June 25, 1894, to which Jasper McCray was a party, and that it operated against him as a privy in estate with said McCray as fully as if he were a party thereto, under the doctrine of lis pendens.

This insistence is based on the claim that Clark had not paid the entire purchase money to and received his deed from McCray before the filing of said suit, and therefore was not, at the time said suit was filed, an innocent purchaser of said land for value without notice. The doctrine of lis pendens presents quite a different question from that of who is such an innocent purchaser for value without notice that

equities which are good against his vendor cannot be asserted against him at any time, short of the period creating a prescriptive title, or raising the bar of the statute of limitations.

[1] Where one purchases from another, who is a party to a pending suit affecting the title to realty, the question is not one of bona fides as against equities, but is one of becoming through his predecessor in title, by a purchase pendente lite, represented in such suit. He is notified by the law that in any pending suit against the vendor affecting the land by his purchase he becomes bound by the decree to be rendered. Mellen v. Moline Iron Works, 131 U. S. 352, 371, 9 Sup. Ct. 781, 33 L. Ed. 178. But here, at the time of W. C. Clark's purchase of the land under bond for title on January 2, 1893, an investigation would have disclosed that no suit had been brought by Dodge for this land lot.

[2] One who purchases by executory contract of purchase before the filing of the suit is a prior purchaser, and not affected by a subsequent lis pendens. 17 Ruling C. L. § 25; Parks v. Jackson, 11 Wend. (N. Y.) 442, 25 Am. Dec. 656. It follows that this decree does not, therefore, bind W. C. Clark and those who claim under him, as he did not purchase pending this suit. The District Court found that the equity of this suit was with the complainants and that they had a good prescriptive title.

[3] Without discussing the effect of the long delay in attempting to enforce the decree of December 2, 1902 (Tinsley v. Rice, 105 Ga. 285, 287, 31 S. E. 174), we think the evidence fully sustains the finding of the court that the complainants had a good title by prescription.

"Actual adverse possession of lands, by itself, for twenty years, shall give a good title by prescription against every one, except the state, or persons laboring under the disabilities hereinafter specified." Code of Georgia 1910, § 4168.

"Adverse possession of lands, under written evidence of title, for seven years, shall give a like title by prescription." Code of Georgia 1910, § 4169.

Under the settled line of decisions in Georgia, a bond for title is color of title, and possession thereunder with only a part of the purchase money paid is adverse against all persons except the maker of the bond, and will ripen into a title by prescription through 7 years' possession under color of title. Fain v. Garthright, 5 Ga. 6, 15; Garrett v. Adrian, 44 Ga. 274, 276. Hence the adverse holding of W. C. Clark against Dodge began from the date of his purchase under his bond for title in January 2, 1893, nearly 18 months before the suit of Dodge v. Williams et al. was filed.

[4] Clark had bargained for four lots as one purchase, and on January 2, 1893, had taken possession thereof, and paid a part of the purchase money. He had asserted actual rights as the purchaser of this land lot by timbering it and turpentining it by his tenant. He lived on one of the land lots embraced in the purchase. In 1904 his son H. M. Clark started to erect the house on this land lot, which W. C. Clark subsequently deeded to Mrs. Laura E. Clark, the wife of H. M. Clark. The house was finished in the spring of 1905, and has been occupied by Mrs. Laura E. Clark and her family ever since.

Mrs. Holliday went into possession in 1907, and has been in possession ever since. The land has been cultivated by a tenant and improve-

ments have been made on it. There was sufficient evidence of such possession of this land lot 262 from the date of its purchase in 1893 under the bond for title as warranted the District Court, who heard the testimony, in finding that complainants had a good title by prescription.

The decree of the District Court is therefore affirmed.