[No. 14962. Department One.—July 25, 1893.]

## J. M. WOOD, APPELLANT, *v.* MICHAEL CURRAN ET AL., RESPONDENTS.

FORECLOSURE OF STREET ASSESSMENT — NATURE OF PROCEEDING — EFFECT OF DECREE — PARTIES. — An action to foreclose the lien of a street assessment, under the act of 1872, was not a proceeding strictly *in rem*, but the decree therein was *in personam*, the measure of satisfaction, however, being the interest which the defendants had in the land, and such decree did not bind the interests in the land of any persons not made parties to the action.

ID. — HEIR NOT SUED AS ADMINISTRATRIX — EFFECT OF JUDGMENT UPON PERSON IN DIFFERENT RIGHTS. — Where an heir was made a party to such action individually, but was not sued as administratrix of the estate of the decedent, the judgment rendered in the action did not bind her as such administratrix, but only bound her rights as heir. A judgment for or against a party in one right does not affect him when acting in another right.

ID. — RIGHTS OF HEIR SUBJECT TO PROBATE PROCEEDINGS — SALE BY ORDER OF PROBATE COURT. — The purchaser at the sale, under foreclosure of the street assessment lien, to which an heir was made a party, took the rights of such heir subject to the provisions of the Probate Act for the support of the family of the deceased, and for the payment of his debts and the expenses of administration, and subject to be divested by a sale of the realty for such purposes by order of the probate court.

ID. — RIGHT OF PURCHASE AT PROBATE SALE — QUIT-CLAIM DEED FROM HEIR — NOTICE OF SALE UNDER STREET ASSESSMENT — ESTOPPEL. — Where a purchaser at the probate sale entered both under the deed of the administratrix, which vested in him the estate in the property, and also under a quit-claim deed from

her individually as heir, her right as such being bound by the prior decree of foreclosure and sale in the action to enforce the street assessment, to which she was a party, he is not estopped by such quit-claim deed from asserting his rights under the probate sale, thought he had actual notice of the foreclosure sale in that action.

Id.—Entry under Good and Bad Claims.—Where a party has entered into the enjoyment of an estate, under two claims, one of which is good and the other bad, he will be regarded as having entered under the better claim.

Appeal from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. C. Bates,* for Appellant.

An action to foreclose a street assessment is a proceeding *in rem* and is conclusive in a collateral attack, especially by any one taking a deed from one of the defendants. (*Mayo* v. *Foley,* 40 Cal. 282, cited and approved in *Anderson* v. *Ryder,* 46 Cal. 137; *Jones* v. *Gillis,* 45 Cal. 543; *Kelley* v. *Desmond,* 63 Cal. 519; *Archbishop* v. *Shipman,* 69 Cal. 588; Code Civ. Proc., sec. 1908; *Mayo* v. *Ah Loy,* 32 Cal. 477; 91 Am. Dec. 595, cited in *Crall* v. *Board of Directors,* 87 Cal. 148; *Valentine* v. *Mahoney,* 37 Cal. 393; *People* v. *Doe,* 36 Cal. 222; *Creighton* v. *Manson,* 27 Cal. 623; *Booth* v. *Pendola,* 88 Cal. 44; *Gillis* v. *Cleveland,* 87 Cal. 219; *Cooper* v. *Reynolds,* 10 Wall. 309; *Heidritter* v. *Elizabeth etc. Co.,* 112 U. S. 301.) The lien of the assessment is, from its very nature and object, superior or paramount to private rights. (Elliott on Streets and Roads, pp. 433, 434; Cooley's Constitutional Limitations, 3d ed., p. *499; *Emery* v. *San Francisco Gas Co.,* 28 Cal. 346; *Chambers* v. *Satterlee,* 40 Cal. 514; *Anderson* v. *Ryder,* 46 Cal. 138; *Dougherty* v. *Henarie,* 47 Cal. 14.) Mrs. Hogan's interest, so far as represented by herself as administratrix or trustee, was bound by the judgment. (Freeman on Judgments, sec. 163; 1 Greenleaf on Evidence, secs. 535, 536, 541.) The defendant had actual notice, as well as constructive notice, of plaintiff's title when he took the deed from Mrs. Ellen Hogan, widow of John Hogan, deceased, and having such notice he was estopped thereby. (*Port Jervis* v. *First Nat. Bank,* 96 N. Y. 557; *Jackson* v. *Griswold,* 4 Hill, 530. See *Morenhout*

v. *Higuera*, 32 Cal. 294; *McCreery* v. *Everding*, 54 Cal. 168; *Corcoran* v. *Chesapeake etc. Canal Co.*, 94 U. S. 745.) A party is estopped to deny the title under which he enters. (*Wool-folk* v. *Ashby*, 2 Met. [Ky.] 288; *Morris* v. *Shannon*, 12 Bush, 89; *Anderson* v. *Armstead*, 69 Ill. 452; *Archbishop* v. *Shipman*, 79 Cal. 288.) The judgment concludes the real party in interest, though not a party to the record. (*Dutil* v. *Pacheco*, 21 Cal. 438; 82 Am. Dec. 749; *Showers* v. *Wadsworth*, 81 Cal. 273; *Corcoran* v. *Chesapeake etc. Canal Co.*, 94 U. S. 745; 1 Greenleaf on Evidence, 11th ed., sec. 525.)

*M. C. Hassett, James F. Tivlin,* and *Thomas E. Curran,* for Respondents.

The foreclosure suit of *Harney* v. *Corcoran* was not strictly a proceeding *in rem.* (Waples' Proceedings in Rem, sec. 5; Freeman on Judgments, sec. 606; Code Civ. Proc., sec. 1908; *Robinson* v. *Merrill*, 87 Cal. 12; *Archbishop* v. *Shipman*, 69 Cal. 586; *Wood* v. *Brady*, 68 Cal. 78.) The judgment in *Harney* v. *Corcoran* against Ellen Hogan individually does not bind Ellen Hogan as administratrix of the estate of John Hogan, deceased. (Freeman on Judgments, sec. 156; *Stockton etc. Ass'n* v. *Chalmers*, 75 Cal. 332; 7 Am. St. Rep. 173; *Cook* v. *De La Guerra*, 24 Cal. 241; *Archbishop* v. *Shipman*, 69 Cal. 586.) The judgment against Ellen Hogan individually does not bind the heirs of John Hogan, deceased, not sued. (*Archbishop* v. *Shipman*, 69 Cal. 586.) Appellant took the title, subject to the right of the heirs of John Hogan, deceased, to support for the period allowed by law. (Code Civ. Proc., secs. 1466, 1467, 1536; *Estate of Moore*, 57 Cal. 437.) Appellant's title was subject to the lien of the administratrix for the payment of the debts and expenses of administration and the debts outstanding against the decedent. (Civ. Code, secs. 1384, 1386, 1402; *Smith* v. *Olmstead*, 88 Cal. 586; 22 Am. St. Rep. 336; *Cook* v. *De La Guerra*, 24 Cal. 241.) Defendant is not estopped ·by the quit-claim deed of Ellen Hogan from showing the title under which he entered, nor does that deed operate as an estoppel. (Freeman on Judgments, sec. 162; *Board of Education* v. *Fowler*, 19 Cal. 11; *Cannon* v. *Stockmon*, 36 Cal. 539; 95 Am. Dec. 205.)

PATERSON, J. — This is an action to quiet title to a lot of land in the city of San Francisco. John Agnew took possession of the property in 1868, and held the same until April 25, 1871, when he conveyed it to John Hogan, who entered into possession of the land and held it until his death, which occurred August 6, 1874. Hogan left surviving him the widow, Ellen, and four minor children. Letters of administration were issued to Ellen August 26, 1874. On October 3, 1884, after due proceedings had, the lot was sold under an order of the probate court to the respondent, who received a deed from the administratrix on October 20th. On the same day the respondent received from Ellen Hogan a quit-claim deed of the property.

The appellant claims under a judgment in *Harney* v. *Corcoran*, foreclosing the lien of a street assessment on the property in controversy. This judgment was entered on June 3, 1879, and the sheriff's deed to appellant is dated December 4, 1883. The proceedings leading up to the street assessment were initiated by resolution of intention, filed March 27, 1876. It is admitted that the respondent had actual notice of the sheriff's deed to appellant.

Ellen was a party to the action of *Harney* v. *Corcoran*, individually, but not as administratrix, and none of the minor heirs were represented.

We think, upon the facts stated, the court below properly held the title to be in defendant. Under the act of 1872, upon which the assessment lien was based, the land is not sued or summoned as a party; it is simply described, the owner being the defendant. The action therefore to foreclose was not a proceeding strictly *in rem*. The decree was *in personam*, the measure of satisfaction, however, being the interest which the defendant had in the land. Of course, the plaintiff did not acquire by his purchase under the decree in that action the interest of the minor children; that interest passed to the defendant herein by the probate sale subsequently made, neither the heirs nor the personal representative of Hogan having been a party to the action.

The judgment in *Harney* v. *Corcoran* against Ellen Hogan did not bind Ellen as administratrix of the estate of John Hogan, deceased. It is settled here that a judgment for or

against a party in one right does not affect him when acting in another right. (*Stockton etc. Ass'n* v. *Chalmers*, 75 Cal. 332; 7 Am. St. Rep. 173; *Archbishop* v. *Shipman*, 69 Cal. 586.) The respondent took all the right, title, and interest which Ellen acquired by succession, but he took it subject to the provisions of the Probate Act for the support of the family of the deceased, and for the payment of the expenses for administration and the debts outstanding against the deceased. Where the widow after the death of her husband executed and delivered a quit-claim deed, it was held that this fact constituted no ground for the refusal of the probate court to set apart to her as a homestead a portion of the land conveyed by the deed; that if an heir conveys his interest in the estate of an ancestor, it will carry only such interest as will remain to him after satisfying the objects of administration. The court there said: "Upon the death of an intestate, his property goes by succession to his heirs, subject to administration. The objects of administration are: 1. To support the family for a period; 2. To set apart a homestead to the family; 3. To pay the expense of administration; 4. To pay the debts of the deceased; 5. To distribute the balance of the estate to those who take it by law." (*Estate of Moore*, 57 Cal. 437.) So, where the heirs of the deceased executed a mortgage upon the property inherited from him, it was held that the purchaser at the foreclosure sale acquired no greater or higher right in the mortgaged premises than the mortgagors held, and that the property in his hands was subject to the orders and proceedings of the probate court as fully in all respects as if the mortgage had not been foreclosed. (*Cook* v. *De La Guerra*, 24 Cal. 241.)

That the proceeding for the foreclosure of an assessment under the act of 1872 is not strictly a proceeding *in rem*, with all the binding force claimed for it by the appellant, is clearly established by the decision in *Wood* v. *Brady*, 68 Cal. 78. The plaintiff had purchased the land at a sale made under a judgment in an action to enforce a street assessment lien which accrued July 10, 1875. Prior to the last-named date the defendant had acquired a street assessment lien upon the lot, and having recovered judgment was proceeding to sell the property in satisfaction thereof. The court pointed out the dis-

tinction between the power of assessment and the general power of taxation, and held that the foreclosure of a junior street assessment lien did not extinguish prior liens of the same kind, if the holders of such prior liens were not made parties to the foreclosure suit. In that case, as well as in the case at bar, the statute under which the proceedings were had did not purport to attach to the proceedings for collection the effect claimed by the appellant, and, as there said: "There are no considerations of public policy that require that it should be given." It is claimed that as the defendant had actual notice of the plaintiff's title when he took the deed from Mrs. Hogan, he is estopped from denying the title under which he entered.

While Ellen was personally bound by the assessment, decree and sale, and the defendant if entering into possession only under her quit-claim deed would be likewise bound, yet he entered also under the deed of the administratrix of the estate of John Hogan, which vested in him the interest of the estate in the property. Where a party enters into the enjoyment of an estate under two claims, one of which is good and the other is bad, he will be regarded as having entered under the better claim.

We have carefully examined the authorities cited by the appellant, and find none of them inconsistent with the views above expressed.

The evidence supports the findings of the court, and we see no error in the record.

Judgment and order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.