[L. A. No. 20228. In Bank. July 13, 1948.]

RICHARD CASTLE, Appellant, v. IRVING SCHULMAN, Respondent.

Ernest A. Oswald for Appellant.

Max Bergman and Leo Goodman for Respondent.

SHENK, J.—This is an appeal by the plaintiff from an order granting a new trial in an action to quiet title to a lot in the city of Los Angeles. Findings and judgment had been made and entered in favor of the plaintiff. The defendant's motion for a new trial was granted on the ground that the decision was against law. The facts were stipulated.

On February 26, 1931, the treasurer of Los Angeles County issued bond No. 170, Los Angeles County Improvement No. 499, covering the lot the title to which is the subject matter of the action. That bond thereupon became a lien on the property. The plaintiff claims title through a commissioner's deed issued in foreclosure action No. 429935 brought in Los Angeles County, after default by the owner of the property in the payment of that bond.

The defendant claims through a certificate of sale of the same lot issued by the treasurer of the city of Los Angeles after a delinquency sale of street improvement bond No. 1990 for the improvement of 114th and other streets, series 2, issued by the city treasurer on November 25, 1931, and which on that date became a lien on the property.

The foreclosure action on bond No. 170 was commenced subsequent to the issuance of bond No. 1990, and did not name as a defendant the holder of the latter bond. In the present action the judgment for the plaintiff which was set aside on new trial proceedings was based on the trial court's conclusion that the defendant's rights were terminated by the foreclosure judgment and sale to the plaintiff, notwithstanding the fact that the holder of bond No. 1990 was not a party to the foreclosure action. The question presented by this appeal is whether the defendant's rights were thus foreclosed.

The controlling provisions are contained in the Improvement Act of 1911 (Stats. 1911, pp. 730-768), now sections 5000 et seq., Streets and Highways Code (added by Stats. 1941, p. 830). Sections 6500 et seq. of the Streets and Highways Code deal with "Default and Sale for Delinquency," that is, the treasurer's delinquency sales under defaulted bonds. Sections 6610 et seq., dealing with "Foreclosure of Bond Lien," with which we are here concerned, provide for the procedure when the holder of a defaulted bond obtains

relief pursuant to foreclosure action, which by section 6610 is given as a separate, distinct and cumulative remedy.

Section 6611 permits a foreclosure action to be brought following the expiration of 30 days after service of personal demand for payment upon the owner of the property. Section 6612 provides the venue of the action and, if the owner of the property cannot after due diligence be found, permits service of summons in the manner prescribed by law.

By section 6615 the court is empowered to "cause the premises to be sold as in other cases of the sale of real estate by the process of the court to satisfy and discharge the bond and lien." Section 6617 gives the right of redemption "as in other cases." Section 6618 states that "the action shall be governed and regulated by the provisions of this chapter and by the other provisions of law which are not in conflict" therewith.

Section 6619 requires a written notice of the pendency of any action for recovery on a bond to be filed with the treasurer, after which he may not receive payments on account of the bond or cancel the entries on the bond or execute a discharge thereof without the written consent of the bondholder until judgment has been rendered in the action or it has been dismissed.

Section 6622 provides for cancellation of the bond by the treasurer and section 6623 directs the county clerk to enter judgment or decree of foreclosure upon delivery to him of the treasurer's certificate of cancellation.

Other sections are not material here. It is contended by the plaintiff that the provisions indicate the intent that the owner of the property covered by the bond is the only proper party in the foreclosure action, and that the defendant's rights were terminated by the decree and sale in the foreclosure action.

The foregoing provisions of the Improvement Act of 1911 make the owner of the real property an indispensable party to the foreclosure action. However, there is no provision which states the effect of not joining in the action other interested but not indispensable parties. The notice filed with the treasurer under section 6619 is not for the purpose of giving constructive notice to others of the pendency of the action, but merely to stop the treasurer's receipt of moneys on account of the bond and to prevent his cancellation of entries without authorization from the owner of the bond.

Thus the code provisions are concerned only with the effect of the decree and sale on foreclosure upon the rights of the

owner of the property. By following the statutory requirements and making the owner a party in the foreclosure action the plaintiff was entitled to the decree of foreclosure and sale although he did not join the holder of bond No. 1990 in that action.

What we are here considering is the effect of the foreclosure judgment and sale on the rights of a lienholder of record who was not joined in the foreclosure action. Since, as noted, there is no provision which treats of the rights of such other lienholders, their rights must be deemed to be governed by the other provisions of law not in conflict with the statute. (Sts. & Hy. Code, § 6618.) In the leading case of *Wood* v. *Brady,* 68 Cal. 78 [5 P. 623, 8 P. 599], where a similar situation was presented, the elementary rule was held to apply, namely, that the judgment in a prior foreclosure action did not extinguish the rights of a lienholder who was not made a party to the action. In other cases applying the rule it has also been declared that the action in foreclosure is not one strictly in rem, but is also in personam, and persons having an interest in the property actually or constructively known are not affected by the judgment unless they have been joined in the action. (*Wood* v. *Curran,* 99 Cal. 137 [33 P. 774]; *Page* v. *W. W. Chase Co.,* 145 Cal. 578 [79 P. 278]; *Lee* v. *Silva,* 197 Cal. 364 [240 P. 1015]; *Wemple* v. *Yosemite Gold Min. Co.,* 4 Cal.App. 78 [87 P. 280]; *Fox* v. *California Title Ins. Co.,* 120 Cal.App. 264 [7 P.2d 722].)

Neither section 5021 of the Streets and Highways Code defining the "owner" of real property as the owner of the fee, nor section 5373 providing for constructive notice by the recording of the warrant, assessment and diagram, nor cases such as *Woodill & Hulse Electric Co.* v. *Young,* 180 Cal. 667 [182 P. 422, 5 A.L.R. 1296], involving questions of priorities in actions to foreclose street assessment liens, avail the plaintiff since they are not concerned with the rules governing the matter of proper parties to actions in foreclosure, nor with the effect of the judgment therein on lienholders who were not made parties thereto.

From the foregoing it follows that the trial court correctly determined that the judgment should be set aside.

The order is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.